UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>REUBEN EMMANUEL DOMINGUEZ (6),<br>　aka "Tito"<br><br>　　　　　　　　　　Defendant. | Case No.: 20CR2053-LAB<br><br>**ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER** |

　　On September 23, 2020, the Court heard argument on the appeal by Defendant Reuben Emmanuel DOMINGUEZ ("Defendant" or "DOMINGUEZ") of the Detention Order previously entered by United States Magistrate Judge Ruth B. Montengro. As detailed further below, after reviewing the written submissions of the parties; the transcript of the August 25, 2020 detention hearing; the Pretrial Services Report; and having considered the oral arguments made during the September 23, 2020 hearing on this appeal, the Court hereby ORDERS that the appeal of the Magistrate Judge's detention order is hereby DENIED.

　　This Defendant is charged in Counts 1 and 2 of the Indictment with conspiracy to import and distribute 500 grams and more of methamphetamine. Each of these two charged offenses carry a ten-year mandatory minimum sentence and a statutory maximum of life. *See 21 U.S.C.* § 841(b)(1)(A). Therefore, there arises a presumption that no condition or

combination of conditions will reasonably assure the appearance of Defendant as required.

During the hearing on September 23, 2020, defense counsel argued to the Court that DOMINGUEZ did not pose either a significant risk of nonappearance or flight and that he was not a danger to the community compelling detention.[1] Further, defense counsel argued in favor of DOMINGUEZ's release on a bond secured by real property in the amount of between $125,000 and $150,000.[2] Finally, defense counsel raised the issue of COVID-19 and DOMINGUEZ's medical history.

The Assistant U.S. Attorney argued that the Magistrate Judge correctly determined that, by a preponderance of the evidence, DOMINGUEZ should be detained based upon risk of flight. Further, the prosecutor argued that there was sufficient evidence to demonstrate, by clear and convincing evidence, that DOMINGUEZ posed a danger to the community based upon his criminal history, which includes seven prior felony convictions, and based upon his ongoing efforts to engage in narcotics trafficking while on pretrial release in state Court. The prosecutor referenced and described several Court-authorized intercepted communications in this wiretap case that evidenced DOMINGUEZ's ongoing participation in the narcotics trafficking efforts after he was arraigned on the state charges and following his pretrial release in that case.

The Court reviews the Magistrate Judge's detention order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court recognizes that it is "not required to start over in every case, and proceed as if the magistrate Judge's decision and findings did not exist." *Id.* at 1193. The Court also recognizes that this case, charged by

---

[1] DOMINGUEZ subsequently sought reconsideration of the detention order which reconsideration was denied, after briefing by the parties, by the Magistrate Judge.

[2] Because the sureties identified by DOMINGUEZ are the same sureties who previously posted what appears to be an $80,000 bond in his pending state court matter, it is not clear to the Court that the same real property DOMINGUEZ proposes to use as collateral now was not already posted to secure that state court bond. Those bond documents have not, however, been provided to the Court in this case. Nevertheless, the Court's decision on this appeal is not based on this concern though if any future bond efforts may be made along the lines discussed herein, the Court would require clarification on that bond.

indictment, is a wiretap case and that, therefore, the evidence establishes probable cause here.

On the issue of danger to the community, the Court finds that several of the offenses portending violence are relatively old and that there is not sufficient evidence to show that DOMINGUEZ, who is older now than he was when he committed those offenses, presently poses a significant threat of violence to the community.  As to the danger posed by DOMINGUEZ based on his recidivist narcotics-related efforts, including his possible continuing involvement in narcotics-trafficking activity while on pretrial release, the Court believes that this is a closer call.  Nonetheless, on a clear and convincing standard, the Court agrees with the Magistrate Judge and does not find that detention is warranted based on this aspect of danger to the community.

In considering the risk of flight or nonappearance by defendant in this case, however, the Court notes that, based upon the Pretrial Services' report and the other information before the Court, DOMINGUEZ has a lengthy and extensive criminal history; a substance abuse history; a history of parole violations and revocations; evidence of failures to appear; narcotics-related links to Mexico; and he is facing considerable custodial time based upon a mandatory minimum sentence and an elevated Sentencing Guidelines range.

This Court agrees with Magistrate Judge Montenegro that, while a bond might possibly be appropriate in this case, the $125,000 to $150,000 bond secured by real property that is now proposed by DOMINGUEZ would not suffice to account for the risk of nonappearance posed by DOMINGUEZ.  Rather, the Court believes that, to be seriously considered here, a bond in at least the mid-$300,000 range, would be required for the Court to give serious consideration to releasing DOMINGUEZ pending trial.  Of course, such bond would also include non-financial considerations such as GPS monitoring as well. Nevertheless, based on defense counsel's representations, it does not appear that DOMINGUEZ presently has the ability to post a bond approaching that financial component. Moreover, there is a presumption of detention here and the Government has shown, by a preponderance of the evidence, that DOMINGUEZ poses a risk of flight and/or

nonappearance for which there is presently no condition or combination of conditions that may be imposed to ensure his appearance and which DOMINGUEZ could satisfy. Finally, while considering the information presented by DOMINGUEZ in regard to the COVID-19 circumstances, the Court finds that the 3142(g) factors here control the bail determination process.

Accordingly, the Court DENIES the appeal by DOMINGUEZ of the Magistrate Judge's Order of Detention and the Magistrate Judge's Order on reconsideration based on the risk of flight posed by DOMINGUEZ because there is no condition or combination of conditions that can presently be devised to ensure DOMINGUEZ's appearance in this case.

This Order is Entered Without Prejudice.

This the 29th day of September 2020.

_____
Honorable Larry Alan Burns
Chief United States District Judge